# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Markus Kalekhman, | Index Number: 012868 |
| Plaintiff, | **SUMMONS** |
| v. | |
| | Plaintiff's Residence: |
| | 11023 63rd Dr. |
| Tate & Kirlin Associates, Inc., and Transworld Systems Inc., | Forest Hills NY 11375 |
| | The basis of venue designated is: |
| Defendants. | Plaintiff's county of residence |
| | (NYC Civil Court Act § 301) |

*COPY — ORIGINAL PAPERS RECEIVED AND FILED ON JUN 1 3 2017 CIVIL COURT QUEENS COUNTY*

To the above-named Defendants:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of New York, County of Queens, at the office of the Clerk of the said Court at 89-17 Sutphin Blvd., Jamaica, NY 11435, in the County of Queens, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated:   June 13, 2017

Hashim Rahman, Esq.
Attorney for Plaintiff
155 Water Street, Brooklyn, NY 11201
1-347-433-6139

Defendants' Addresses:

TATE & KIRLIN ASSOCIATES, INC.        TRANSWORLD SYSTEMS INC.
2810 SOUTHAMPTON RD.                  C/O CT CORPORATION SYSTEM
PHILADELPHIA, PA 19154                111 EIGHTH AVENUE, NEW YORK, NY 10011

NOTE: The law provides that: (a) if this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) if this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer. Where a defendant appears by an attorney, a copy of such defendant's answer shall be served upon the plaintiff's attorney, or upon the plaintiff if the plaintiff appears in person, at or before the time of filing the original answer with proof of service thereof.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Markus Kalekhman,<br><br>     Plaintiff,<br>v.<br><br>Tate & Kirlin Associates, Inc., and<br>Transworld Systems Inc.,<br><br>     Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff Markus Kalekhman, by and through the undersigned counsel, states as follows:

1. The Plaintiff seeks redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and the New York General Business Law § 349.

2. This action arises out the Defendants' unlawful communication, deceptive practices, and harassment. This action does not arise out of a consumer credit transaction as per Section 1191(b-1) of the New York Civil Court Act.

## JURISDICTION AND VENUE

3. The Plaintiff seeks to recover damages in an amount not exceeding $25,000 (exclusive of costs and interest). As such, this Court has jurisdiction over the present action pursuant to Section 201 of the New York City Civil Court Act.

4. Pursuant to Section 301 of the New York City Civil Court Act, the proper venue for trial is Queens County. The Plaintiff resides in Queens County; the Defendant transacts business in Queens County by engaging in collection activities against residents; and the collection-related events giving rise to the claims occurred in Queens County.

## THE PARTIES

5. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

6. The Plaintiff is an adult individual residing in the State of New York, County of Queens. The Plaintiff is a "consumer" pursuant to the FDCPA. *See* 15 U.S.C. § 1692a(3).

7. Defendant Tate & Kirlin Associates, Inc., (hereinafter "Tate & Kirlin") is a Pennsylvania-based foreign business corporation. Upon information and belief, Tate & Kirlin is a third-party debt collector that utilizes automated collection systems and predictive dialer applications to contact consumers.

8. Defendant Transworld Systems Inc. (hereinafter "Transworld"), is foreign business corporation; its principal executive office is located in Horsham, Pennsylvania. Upon information and belief, Transworld is a third-party debt collector that utilizes automated collection systems and predictive dialer applications to contact consumers.

## FACTUAL ALLEGATIONS

9. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

10. In approximately 2013, the Plaintiff purchased home security services from ADT LLC (hereinafter "ADT"). The services were renewed on a periodic basis until April of 2015.

11. In about February of 2015, the Plaintiff decided to seek another security services provider. In about February of 2015, the Plaintiff contacted ADT and concluded that his contract ended in April of 2015. Thereafter, the Plaintiff made arrangements to purchase a different security service. Nonetheless, ADT continued to bill the Plaintiff after April of 2015.

12. Thereafter, ADT hired the Defendants to recover an alleged debt of $465.58. In 2016, the Defendants placed numerous telephone calls to the Plaintiff's home phone, cellular phone, and office number (upon information and belief).

13. The above-stated calls were persistent and intended to harass, annoy, and bully the Plaintiff into paying the debt. This is evidenced by the fact that the Defendants called the Plaintiff's place of employment even though they had his home telephone number.

14. On several occasions, the Plaintiff asked the Defendants to stop calling him. Nevertheless, the Defendants continued to call him on his work, cellular, and home telephone numbers.

15. Upon information and belief, the Defendants used an automatic telephone dialing system ("ATDS") to call the Plaintiff. *See* 47 U.S.C. § 227(a)(1).

16. In additional to the aggressive calling campaign, Tate & Kirlin sent the Plaintiff four collection letters between April and July of 2016. After the collection efforts became overwhelming, the Plaintiff hired an attorney in August of 2016, approximately. Thereafter, the attorney sent a letter of representation to Tate & Kirlin and specifically asked them not to contact the Plaintiff directly. The letter requested that Tate & Kirlin "CEASE AND DESIST" all collection efforts because the alleged debt was not valid.

17. Despite the above-stated attorney letter, the Plaintiff was directly contacted *via* another collection letter in October of 2016 from Transworld.

18. Upon information and belief, Defendant Tate & Kirlin intentionally failed to inform the subsequent debt collector that the Plaintiff was represented by an attorney. This conduct violated 15 U.S.C. §§ 1692e(10), 1692f, and New York General Business Law § 349.

19. Alternatively, the Defendant and/or Transworld knew (or had reason to know) that the Plaintiff was represented. Nevertheless, all entities involved in the collection process cooperated and/or conspired to directly contact the Plaintiff despite the attorney cease-and-desist letter. This conduct violated 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and New York General Business Law § 349.

20. Furthermore, the October 2016 letter from Transworld stated the following: a) "[t]he legal time limit . . . for suing you to collect this debt has expired;" and b) ". . . if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired[.]" These statements were false and misleading.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

22. Upon information and belief, the Defendants violated 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), and 1692c(a)(3) by repeatedly and persistently calling the Plaintiff at his home, cellular, and work numbers. The calls were intended to harass the Plaintiff into paying a debt. *See* 15 U.C.S. § 1692f(1). The calls persisted even after the Plaintiff asked the Defendants to stop calling.. Furthermore, the Defendants knew, or had reason to know, that collection calls to his place of employment were not acceptable. *See* 15 U.C.S. § 1692c(a)(3).

23. Defendant Tate & Kirlin violated 15 U.S.C. §§ 1692e(10) and 1692f by using a false, deceptive, unfair, and unconscionable means to collect a debt. (*See* ¶¶ 16-18, *supra.*) Upon information and belief, Defendant Tate & Kirlin failed to properly document, notify, or inform other debt collectors regarding the attorney letter. (The attorney letter was both a notice

of representation and a cease-and-desist request). (*Id.*) Upon information and belief, these acts and omissions were intentional and designed to circumvent the mandates of the FDCPA.

24. Alternatively, the Defendants violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) by cooperating and conspiring with one another to directly contact the Plaintiff without consent after receipt the attorney representation/cease-and-desist letter. (*See* ¶¶ 16, 17, and 19 *supra.*)

25. As a further alternative, Defendant Transworld contacted the Plaintiff directly while knowing, or having reason to know, that the Plaintiff was represented an attorney who submitted a cease-and-desist request. (*Id.*) This conduct violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c).

26. Defendant Transworld violated 15 U.S.C. §§ 1692e, 1692e2(A), and 1692e(10), by sending the Plaintiff a written communication that contained false and misleading statements. (*See* ¶ 20, *supra.*)

## COUNT II
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

27. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

28. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

29. By acting as a third-party debt collector, the Defendants conduct business and/or provide services within the meaning of New York General Business Law § 349.

30. The Defendants engaged in deceptive acts and practices against the Plaintiff by virtue of the acts and omissions described in paragraphs 12-20, *supra*. The aforementioned acts and omissions by the Defendants 1) were deceptive and misleading in a material sense, and 2)

caused injury to the Plaintiff. Upon information and belief, the aforementioned acts and omissions by the Defendants have and continue to affect the public at large.

31. By reason of the conduct alleged above, the Defendants engaged in deceptive conduct in violation of New York General Business Law § 349. The Plaintiff is entitled to statutory damages, actual damages, costs, and attorneys' fees pursuant to the Defendants' violations of New York General Business Law § 349.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

33. Upon information and belief, the Defendants used an ATDS to call the cellular telephone number of the Plaintiff. An ATDS is a system that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

34. The Defendants used an ATDS to call cellular telephone numbers without the prior express consent of the called party. This conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

35. The foregoing acts and omissions by the Defendants constitute violations of the TCPA. The Plaintiff is entitled to statutory damages resulting from the TCPA violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants by

1. Awarding the Plaintiff damages pursuant to 15 U.S.C. § 1692k,

2. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3),

6

3. Awarding the Plaintiff damages, attorneys' fees, and costs pursuant to New York General Business Law § 349,

4. Awarding the Plaintiff statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5), and

5. Granting such other and further relief that the Court may deem just and proper.

Dated: June 13, 2017

Respectfully submitted,

By: _____
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457

# RAHMAN LEGAL

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Markus Kalekhman,

                Plaintiff,

    - against -

Tate & Kirlin Associates, Inc.,
Transworld Systems Inc.,

                Defendants.

Index No.: _____

**SUMMONS**

**COMPLAINT**

Hashim Rahman, Esq.
Rahman Legal
Attorney for Plaintiff
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457